NEW-YORK,
Dec. 1822.

The People
vs.
John Whig-
ham.
alias.
John Wiggins

NOTE.—To treat a dumb beast with cruelty is a misdemeanor at common
law. City Hall Rec. vol. 3. p. 191.

---

The People *vs.* John Whigham, *alias*, John Wiggins.
*Bigamy.*

The prisoner was charged with the crime of bigamy.
It appeared by the testimony, that Whigham married a
certain Mary Boyd, on the 18th of July, 1818, in Brook-
lyn, Kings County: and afterwards, in the city of New
York, married a certain Harriet Ann Eliza Robertson, on
the 4th of December, 1822.

The Rev. John Ireland was called, who testified that
he had married the prisoner to Mary Boyd, in Brooklyn,
in the presence of a number of people, in his parlour; and
that he believed the prisoner at the bar to be the same man
he married to Mary Boyd.

He was asked by Dr. *Graham*, counsel for the prison-
er, if he was not certain: he replied in the negative, and
observed that witnesses in this, and other courts, had
sworn to identity of person, and afterwards had found
themselves mistaken: and refused to swear positive that
the prisoner was the man he married.

The belief of a witness on a charge of bigamy to the identity of person, who is consciencetious of swearing positive, is sufficient; it is equiv'lent to saying he is the same person. The principle that a marriage in fact must be proved, in a prosecution for bigamy, means nothing more than proof of the marriage, as contradistinguished from cohabitation, reputation, acknowledgment of parties, reception, &c.

NEW-YORK.
Dec. 1822.

The People,
*vs.*
John Whig-
ham
*alias*
John Wiggins

Dr. *Graham* objected to such indefinite and loose testi-mony.

*By the Court.*—"We think the testimony of Dr. Ire-
"land sufficiently explicit and positive. He is conscien-
"tious against swearing positive, and chooses this mode,
"as in his opinion the most safe and prudent : he has
"no doubt that he is the man : he believes him to be the
"man, &c. : but will not swear positively that he is, for
"the reason he has given. And that in the opinion of the
"Court, is equivalent to saying he is the same person."

The Rev. Merrit Haviland Smith proved he married
the prisoner to Miss Harriet Ann Eliza Robertson, on the
14th day of September, 1822, in the City of New York, in
the presence of her mother, and others.

Dr. *Graham*, for the prisoner, rested his defence on
a principle of law. He contended that a marriage in
fact must be proved, and could not be implied, and which
had not been done in the case now before the court. In
support of his position he cited 4 Burr, 2057–8–9, decided
by Ld. Mansfield, and also 7th Johnson, p. 315, which he
contended went to show that a marriage in fact must be
proved upon the trial, or in other words, cohabitation
must be shown. The Doctor went into an argument of
considerable length and great ability, to show that a mar-
riage in fact must be proved, in which he took an exten-
sive view of the civil and canon law in respect to this
crime.

*Maxwell, District Attorney*, replied that the marriage
in fact, intended by Ld. Mansfield, was nothing more than
positive or satisfactory proof of the marriage, made out in
the usual way, and as contradistinguished from proof of
hearsay and reputation.

*By the Court.*—"The evidence against the prisoner is "strong and conclusive. The testimony of Dr. Ireland is "of such a nature as to leave no doubt in the mind of any "reasonable man. The testimony of Rev. Mr. Smith is "still more explicit. The counsel for the prisoner has "taken the only ground that he could take, and yet that "fails him. The offence is a gross violation of moral "decency, and has, in most countries, been severely pun- "ished. In this country it has been made highly penal "by statute. And it is proper it should be so : for few " crimes can have a more fatal tendency, either as to pub- " lic example or private suffering. In the case now before "the Court, two innocent females have been ruined by " the crimes of the prisoner. If you believe the testimony " the prisoner is certainly guilty ; if not, you will acquit him."

The jury found the prisoner guilty, and he was sentenced to five years' servitude in the State Prison.

*New-York.*
*Dec. 1822.*

The People
*vs.*
John Whig-
ham
*alias.*
John Wiggins.

NOTE.—Bigamy has been defined to be "having a plurality of wives at the same time," Blac. Com. p. 163. It was made felony without benefit of clergy by Stat. 4 Edw. 1 C. 5. and again brought within clergy by the 1 Edw. 1 C. 12 § 16 : and by 1 Jac. 1. C. 11. there are five exceptions in this act, making the marriage no felony, one of the parties being alive.

1. Where one of the parties has been out of the kingdom for the space of five years, either with or without notice of the other party being alive.

2. Where either of the parties have absented themselves from the other 7 years, within the kingdom, and no knowledge of the party being alive within the time.

3. Where there is a divorce *a mensa et thoro.*

4. Where the first marriage is declared void, and the parties loosed *a vinculo.*

NEW-YORK,     5. Where either party was under the age of consent, and subse-
Dec. 1822.       quent ratification of the marriage, 3 Inst. 89. Kel. 27. Hale P.
                 C. 694.
The People
    vs.     Our Statute relating to and defining this crime is found I Vol. Rev. Laws,
John  Whig-      p. 113. The Statute makes it felony for any person being married
   ham.          or who shall hereafter marry, to at the same time marry any person
   alias         or persons, their former husband or wife being alive.
John Wiggins

The exceptions in this act are nearly similar to the English Statute. They
are as follows:

1. Where one of the parties shall be continually remaining out of
   the United States for the space of 5 years.

2. Where one of the parties has absented himself or herself from
   the other, the one not knowing the other to be living with-
   in that time.

3. Where the parties are divorced.

4. Where the former marriage is declared void and of no effect.

5. Where the marriage is had, or to be had, or made within the age
   of consent.

Under this statute the following cases, among others, have been de-
cided.

Vide Teunis Van Pelt's case, City Hall Rec. vol. 1. p. 137.

In a prosecution of a woman for bigamy, evidence of barbarous treatment
by the first husband, before the marriage with the second took place
is inadmissible, but will be received by the court in mitigation of her
punishment, Ibid vol. 1. p. 171.

To Elizabeth Steer's case, City Hall Rec. vol. 2. p. 111. there is this Syl-
labus.   On a traverse of an indictment for bigamy against S. for that
on the 16th of March, 1815, she married, I. S. being alive, &c., contra-
ry to the form of the statute, &c.   It appeared by the testimony of
K., a divine, that on the day first above mentioned, he married a
woman of the name of S. to I. S., but that he, K., did not know that
S. the prisoner, was the same person he so married; it was held that
although this was sufficient evidence of a marriage *defacto*, of the
person of the name of S., and therefore, that collateral evidence to
identify such person, might be given, yet that the prosecutor should
be precluded from establishing the second marriage, by cohabitation

or otherwise, without first proving that S. the prisoner, was the identical person so married by K.

The statute of bigamy does not render a second marriage legal, notwithstanding the former husband or wife may have been absent about 5 years, and not heard of. It merely purges the felony, Fenton v. Reed, 4 Johns. Rep. 42. In all cases except bigamy and criminal conversation, a marriage may be proved from cohabitation, reputation, acknowledgment of parties, reception in the family, and other circumstances. Ibid.

In a prosecution for bigamy, as well as actions for *crim. con.* the mere confession of the party is not sufficient evidence of the first marriage. A marriage in fact must be proved. The People vs. Humphrey; Johns. Rep. 314.